MILLEDGE, STANLEY, Associate Judge.
In an action for damages in the Civil Court of Record of Dade County, the defendant-appellant, a domestic corporation, moved to quash the service, which was upon the defendant’s president, on the ground that the defendant had a resident agent, available for service, who was not served. This is not a speaking motion since it appears on the face of the sheriff’s return that no effort was made to serve the resident agent, nor did the return recite that no resident agent was designated. The return simply recites that service was made on Joseph Adler, as president of the defendant corporation. The motion to quash was denied. The defendant did not appear generally or participate in the proceedings except to appear specially to challenge jurisdiction over the person of the defendant. A final judgment against the defendant was entered from which this appeal was taken.
The service was made during the period of approximately two years while § 47.17, Fla.Stat., F.S.A., was not in effect. Section 47.17 (under which the service here would have been good) was repealed by Chapter 57-97, Laws of Florida, which enacted § 47.171, but § 47.17 was re-enacted in 1959 by Chapter 59-46, Laws of Florida. Thus, during the approximately two years referred to, service upon domestic corporations was governed by § 47.171, which provided that service of process on a domestic corporation should be upon its resident agent, and only in the event the domestic corporation had failed to designate a resident agent and place of service, could service be made upon any officer or agent of the domestic corporation. The return of process here fails to show that the primary mode of service, prescribed by the statute then in effect, could not be used. It is apparent that the statutory mode of service on domestic corporations *49 was not noted by the sheriff. Since the return showed on its face that process had not been served in the manner prescribed by the legislature, the motion to quash should have been sustained. The lack of jurisdiction over the person of the defendant has not been cured.
The judgment appealed from is reversed with directions to set aside the default and to quash the purported service of process on the defendant.
Reversed with directions.
HORTON, C. J., and PEARSON, J., concur.